UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

THEODORE WRIGHT,

                              Plaintiff,

                        v.

MONROE COUNTY, NEW YORK, and
MONROE COUNTY SHERIFF'S DEPARTMENT,

                              Defendant.
_____

05-CV-6268T

**DECISION
and ORDER**

## INTRODUCTION

Plaintiff Theodore Wright ("Wright") brings this action pursuant to the Fair Labor Standards Act ("FLSA") against defendants Monroe County New York ("Monroe County") and the Monroe County Sheriff's Department ("the Sheriff's Department") claiming that he was not properly paid for overtime hours he worked. Specifically, plaintiff, who is employed as a Captain in the Sheriff's Department, claims that the defendants have improperly classified him as an exempt employee not entitled to overtime under the FLSA, and that because of this mis-classification, he has not been compensated for his overtime hours.

By motion dated October 2, 2006, the defendants move for summary judgment on grounds that the plaintiff is properly classified as an exempt employee, and therefore he is not entitled to overtime compensation under the FLSA. For the reasons set forth below, I grant defendants' motion for summary judgment.

BACKGROUND

Plaintiff Theodore Wright has been employed by the Monroe County Sheriff's Department for more than 26 years. From March, 2002 through November, 2004, Wright served as the Captain of the Criminal Investigations Section ("CIS") of the Sheriff's Department. As Captain of the CIS, Wright held supervisory responsibility over the entire CIS unit which included a Lieutenant, six Sergeants, thirteen Investigators, and six Deputies. Wright was the highest ranking official in the unit. As Captain, Wright, <u>inter</u> <u>alia</u>, provided general supervision to his subordinates, evaluated his immediate subordinates, and handled minor personnel issues.

Wright was paid by the Sheriff's Department on a salary basis, and earned over $76,000 per year as Captain of the CIS. His regular hours were from 8:30 a.m. to 5:00 p.m., with a one-hour lunch, and Wright did not have flexibility to change these hours. Like the other members of his unit, Wright's time was monitored with a time clock. Wright was also expected to appear at certain crime scenes after hours, and was expected to attend certain news conferences or handle some press-relations responsibilities. As a result, Wright often worked in excess of 40 hours per week. Wright contends that under the FLSA, he is entitled to overtime compensation for overtime hours worked.

DISCUSSION

I.  Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  When considering a motion for summary judgment, all inferences and ambiguities must be resolved in favor of the party against whom summary judgment is sought.  R.B. Ventures, Ltd. v. Shane, 112 F.3d 54 (2nd Cir. 1997). If, after considering the evidence in the light most favorable to the nonmoving party, the court finds that no rational jury could find in favor of that party, a grant of summary judgment is appropriate.  Annis v. County of Westchester, 136 F.3d 239, 247 (2nd Cir. 1998).

II.  FLSA

The Fair Labor Standards Act provides in relevant part that subject to certain enumerated exemptions, those employees who work in excess of 40 hours in a workweek are entitled to compensation at a rate of one-and-one-half times their regular rate of pay.  29 U.S.C. § 207.  The FLSA, however, exempts from overtime-pay requirements employees who are "employed in a bona fide executive, administrative, or professional capacity . . . ."  29 U.S.C. § 213.

Where an employee who is not receiving overtime compensation contends that he is entitled to such compensation under the FLSA, it is incumbent upon the employer to establish by clear and convincing evidence that one of the FLSA's exemptions to the overtime requirements applies, and therefore the employee is not entitled to overtime pay. Idaho Sheet Metal Works, Inc. v. Wirtz, 383 U.S. 190 (1966); Shockley v. City of Newport News, 997 F.2d 18, (4th Cir. 1993). In doing so, the employer must establish that the employee "fit[s] plainly and unmistakably within [the exemption's] terms." McGrath v. City of Philadelphia, 864 F.Supp. 466, 483-84 (E.D. Pa. 1994)(quoting Arnold v. Ben Kanowsky, Inc., 361 U.S. 388, 392 (U.S. 1960).

To establish whether an employee is an administrative or executive employee, courts employ a two-part test devised by the Secretary of Labor. Barner v. City of Novato, 17 F.3d 1256, 1259-1260 (9th Cir. 1994). Pursuant to regulations in place from May, 2002 to November, 2004 (the period during which Wright served as CIS Captain) the first component of the two-part test is the "duties test" whereby a court determines whether or not the duties performed by the employee are duties typically performed by a bona fide executive or administrative employee. 29 C.F.R. § 541.1 (for executive employees); 29 C.F.R. § 541.2 (for administrative employees). The second component is the "salary test" whereby the court determines whether or not the employee is paid on a salary

basis. 29 C.F.R. § 541.1(f) (for executive employees); 541.2(e) (for administrative employees).

    A.   <u>The "Duties" Test</u>

To determine whether or not an employee is an "executive employee" under the duties test, the regulations provide that:

> The term employee employed in a bona fide executive capacity in section 13(a)(1) of the act shall mean any employee:
>
> (a) Whose primary duty consists of the management of the enterprise in which he is employed or of a customarily recognized department or subdivision thereof; and
>
> (b) Who customarily and regularly directs the work of two or more other employees therein; and
>
> (c) Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring or firing and as to the advancement and promotion or any other change of status of other employees will be given particular weight; and
>
> (d) Who customarily and regularly exercises discretionary powers; and
>
> (e) Who does not devote more than 20 percent, or, in the case of an employee of a retail or service establishment who does not devote as much as 40 percent, of his hours of work in the workweek to activities which are not directly and closely related to the performance of the work described in paragraphs (a) through (d) of this section: Provided, That this paragraph shall not apply in the case of an employee who is in sole charge of an independent establishment or a physically separated branch establishment, or who owns at least a 20-percent interest in the enterprise in which he is employed.

29 C.F.R. § 541.1(a)-(e)

To determine whether or not an employee is an "administrative employee" under the duties test, the regulations provide that:

> The term employee employed in a bona fide administrative capacity in section 13(a)(1) of the act shall mean any employee:
>
> (a) Whose primary duty consists of either:
> (1) The performance of office or nonmanual work directly related to management policies or general business operations of his employer or his employer's customers, or
> (2) The performance of functions in the administration of a school system, or educational establishment or institution, or of a department or subdivision thereof, in work directly related to the academic instruction or training carried on therein; and
>
> (b) Who customarily and regularly exercises discretion and independent judgment; and
>
> (c)(1) Who regularly and directly assists a proprietor, or an employee employed in a bona fide executive or administrative capacity (as such terms are defined in the regulations of this subpart), or
> (2) Who performs under only general supervision work along specialized or technical lines requiring special training, experience, or knowledge, or
> (3) Who executes under only general supervision special assignments and tasks; and
>
> (d) Who does not devote more than 20 percent, or, in the case of an employee of a retail or service establishment who does not devote as much as 40 percent, of his hours worked in the workweek to activities which are not directly and closely related to the performance of the work described in paragraphs (a) through (c) of this section . . . .

29 C.F.R. § 541.2(a)-(d).

While the two "duties" tests set forth above are the primary tests for determining whether or not an employee performs the work of a bona fide executive or administrative employee, in cases where

an employee earns an amount greater than $250.00 per week (or $455.00 per week after April 23, 2004), a shortened test is used to determine whether or not the duties of the employee are the duties of a bona fide executive or administrative employee. 29 C.F.R. § 541.119 (setting forth short-test for executive employees); 29 C.F.R. § 541.214 (setting forth short-test for administrative employees). In this case, it is undisputed that Wright earned more than $455.00 per week while captain of the CIS. Accordingly, the short tests set forth in the regulations apply.

Under the short test for determining the duties of an executive employee, an employee earning more than $455.00 per week will be deemed to have satisfied all elements of the primary duties test if "the employee's primary duty consists of the management of the enterprise in which employed or of a customarily recognized department or subdivision thereof and includes the customary and regular direction of the work of two or more other employees therein." 29 C.F.R. § 541.119(a). If an employee meets the income threshold, and his primary duty consists of management, then it is "not necessary to test the employee's qualifications in detail under . . . § 541.1." 29 C.F.R. § 541.119(a)

Under the short test for determining the duties of an administrative employee, an employee earning more than $455.00 per week will be deemed to have satisfied all elements of the primary duties test if the employee's "primary duty consists of either the

performance of office or nonmanual work directly related to management policies or general business operations of the employer . . . where the performance of such primary duty includes work requiring the exercise of discretion and independent judgment." 29 C.F.R. § 541.214(a). Such an employee is "deemed" to have met all of the requirements of the administrative duties test of § 541.2, and in such cases, it is "not necessary to test the employee's qualifications in detail under . . . § 541.2." 29 C.F.R. § 541.214(a).

In this case, I find that Wright's duties qualify as the duties of a bona fide executive or administrative employee pursuant to the short tests set forth in §§ 541.119 and 541.214 of the Federal Regulations. As Captain of the CIS Department, Wright was the highest ranking official in the Department and supervised more than 20 Sergeants, Investigators, and Deputies who were under his command. According to the written Job Description for Wright's position, the CIS Captain "is responsible for the overall command of a zone substation or special services unit of the Monroe County Sheriff's Office." I find that these duties constitute executive duties under section 541.119, in that the CIS Captain's "primary duty consists of the management of . . . a . . . recognized department or subdivision [of the employer's enterprise] . . . and includes the customary and regular direction of the work of two or more other employees therein." 29 C.F.R. § 541.119(a). See

Shockley v. City of Newport News, 997 F.2d 18, 27 (4th Cir. 1993)(Sergeants who had responsibility over unit, which included direct supervision and evaluation of subordinates exercised discretion and were thus exempt under the FLSA); Barner v. City of Novato, 17 F.3d 1256, 1260 (9th Cir. 1994)(Officers who supervised discrete units of police department were executive employees under the FLSA despite fact that officers also engaged in routine policing work in the field); Anderson v. City of Cleveland, Tennessee, 90 F.Supp.2d 906, 912 (E.D. Tenn. 2000)(Lieutenants who delegated tasks and assumed responsibility for departmental unit of police department were executive employees under the FLSA).

Wright objects, however, that the CIS position is not a "high-level management" position, but instead is "nothing more than a mid-level management position within the Police Bureau and a lower level management position within the Department as a whole." Plaintiff's Memorandum of Law in Opposition to Motion for Summary Judgment at p. 4. Regardless of his characterization, however, the facts in the record demonstrate that Wright is the highest ranking official in the Department, and that he supervises a staff of more than 20 lower-ranking officers. That he may report to higher officials does not disqualify him from being deemed a bona fide executive employee.

Wright further contends that he has little if any discretion and no authority to make, alter, or even deviate from the policies,

rules, regulations and general orders of the department" and therefore, he can not be considered an executive employee Plaintiff's Memorandum of Law in Opposition to Motion for Summary Judgment at p. 5. This contention, however, is unremarkable, in that there is no requirement that an executive employee be a policy maker. Rather, the regulations require a showing that the executive employee merely supervise employees, as opposed to formulating the policies and procedures of a department. Because the record demonstrates that Wright supervised many employees, I find that he is a bona fide executive employee pursuant to 29 C.F.R. § 541.119.

Moreover, I find that Wright qualifies as a bona fide administrative employee under the Secretary's regulations. As stated above, an employee will be deemed an exempt administrative employee under the regulations where the employee's "primary duty consists of either the performance of office or nonmanual work directly related to management policies or general business operations of the employer . . . where the performance of such primary duty includes work requiring the exercise of discretion and independent judgment." 29 C.F.R. § 541.214(a).

In this case, it is clear that one of Wright's primary duties was the administration of the Department. According to the Monroe County Sheriff's General Order explaining the organizational structure of the CIS Department, "[t]he Captain assigned to CIS .

. . is responsible for the overall administration of the CIS and the proper completion of every investigation assigned to the section." Exhibit "E" to the Defendant's Memorandum of Law in Support of Motion for Summary Judgment. Some of the administrative duties required of the CIS Captain included maintaining records relating to seizures of property; conducting performance evaluations of subordinates; approving performance evaluations of lower-level subordinates, and reporting to the Sheriff on a quarterly basis regarding the status of investigations. Id.

Additionally, I find that the position of CIS Captain required the exercise of discretion and independent judgment. Although Wright contends that he had very little control over his department due to the fact that he was required to implement department-wide policies and procedures within an organization that based on a para-military operating structure, he nevertheless did exercise independent judgment and discretion in supervising the CIS Department. It is undisputed that Wright exhibited independent judgment and discretion with respect to recommendations he made, and which were ultimately adopted with respect to a reorganization of the CIS Department. Moreover, he employed discretion and independent judgment when conducting performance evaluations of subordinates. Because Wright's duties as CIS Captain included administrative duties in which he exercised independent discretion

and judgment, I find that Wright can be properly deemed an exempt administrative employee pursuant to 29 C.F.R. § 541.214(a).

B.  <u>The Salary Test</u>

To be considered exempt from overtime provisions, the employee must not only be a bona fide executive or administrative employee, but must also be paid on a salary basis. 29 C.F.R. § 541.1(f) (for executive employees); 541.2(e) (for administrative employees). To determine whether or not an employee is paid on a salary basis, courts apply a "salary test" as set forth in 29 C.F.R. § 541.118. <u>See also</u> 29 C.F.R. § 541.212 (making salary test for executive employees applicable to administrative employees). Pursuant to the test:

> An employee will be considered to be paid "on a salary basis" within the meaning of the regulations if under his employment agreement he regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of his compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed. Subject to . . . exceptions provided [in the regulations], the employee must receive his full salary for any week in which he performs any work without regard to the number of days or hours worked. This policy is also subject to the general rule that an employee need not be paid for any workweek in which he performs no work.

29 C.F.R. § 541.118(a).

Pursuant to the above regulation, I find that Wright was paid on a salary basis. Initially, it is undisputed that Wright was

paid regularly on a bi-weekly basis. Moreover, his bi-weekly pay was uniform, and his pay was not reduced based on the number of hours he worked, or the quality of his work. Because the elements of the Secretary of Labor's regulations have been met, I find that Wright was paid on a salary basis.

Wright contends, however, that he is not paid on a salary basis because his bi-weekly pay could be reduced if he did not work and he did not have any available sick time or vacation time that he could invoke to cover his absence. This argument, however, has been rejected by the Supreme Court on grounds that unless there is an actual practice of docking employees for pay where they have taken time off from work without sufficient accumulated sick or vacation time, or the employers' policies create a "significant likelihood" that such deductions would be taken, the theoretical possibility of a pay deduction for missed time will not transform an otherwise salaried position to an hourly position. Auer v. Robbins, 519 U.S. 452, 461 (1997); See also O'Brien v. Town of Agawam, 350 F.3d 279, 292-293 (1st Cir. 2003)("mere 'theoretical possibility" of disciplinary or other pay deductions will not defeat salary status").

In the instant case, there is no evidence that there was a practice of docking pay from employees who took time off of work but who also lacked available sick or vacation time. Nor is there evidence that there exists a significant likelihood that such

deductions would be taken. Defendants presented evidence that no supervisory employee has attempted to take time off without having sufficient sick or vacation time to cover the time taken. Accordingly, no salaried employee has ever lost compensation due to taking time off. Thus defendant has established that there is neither an actual practice nor significant likelihood of deducting pay from a salaried employee's pay.

Finally, plaintiff contends that because he is subject to suspension without pay as a form of discipline, he may not be considered a salaried employee because under the Secretary's regulations, a salaried employee may only be suspended without pay for the violation of a safety rule of "major significance." 29 C.F.R. § 541.118(a)(5). Wright contends that because he may be suspended without pay for violation of work rules - as opposed to safety rules, he can not be considered a salaried employee. Again, however, the analysis set forth in <u>Auer</u> controls. Only if there is an actual practice of docking the pay of salaried employees or "a clear and particularized policy . . . which 'effectively communicates' that deductions will be made in specified circumstances" will an employee be found to be an hourly employee under the FLSA.

In this case, there is no evidence that an actual practice of docking pay for violation of work rules exists. Although one salaried employee was, on one occasion, suspended without pay, he

was allowed to use accumulated time to make up for the deducted pay, and so he did not suffer a reduction in pay.  Moreover, a single occurrence of a suspension without pay does not establish a "practice" of suspending salaried employees without pay.  O'Brien, 350 F.3d at 294 (four isolated incidents of disciplinary pay reductions did not establish an 'actual practice' of docking salaried employees pay for work-rule violations).  Similarly, there is no evidence that the Monroe County Sheriff's Department utilized a clear and particularized policy which effectively communicated that salary deductions would result from specified work-rule violations.  Accordingly, I find that while the fact that a possibility of suspension without pay existed within the Sheriff's Department, that circumstance is not sufficient to convert plaintiff's position as a salaried employee to an hourly-position entitled to overtime compensation.

## CONCLUSION

For the reasons set forth above, I grant defendants' motion for summary judgment.


ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca

---
MICHAEL A. TELESCA
United States District Judge

DATED:   Rochester, New York
         May 10, 2007